IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE BATES, | : | |
|    *Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-5264 |
| | : | |
| BARRY SMITH, et al., | : | |
|    *Respondents*. | : | |

**ORDER**

**AND NOW**, this 27th day of September, 2021, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2), the Commonwealth's Response thereto (ECF No. 13), and the other documents filed by the parties, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 17), as well as Petitioner's Objections thereto (ECF No. 19), it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] The Federal Rules of Civil Procedure allow a party to file objections to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Petitioner filed his objections after that 14-day period had already elapsed, but asks the Court to consider his objections anyway, arguing that his filing was late due to complications caused by the COVID-19 pandemic which were beyond his control. *See* Pet'r's Objs. (ECF No. 19) at 2. Given Petitioner's pro se status—as well as the reasonable diligence he showed in mailing his objections to the Court shortly after the missed deadline—this Court will not penalize him for the lateness of his filing. Accordingly, the Court will apply a de novo standard of review to the Report and Recommendation ("R&R") and Petitioner's Objections thereto. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

The Magistrate Court concluded that Petitioner's first claim—"that trial counsel rendered ineffective assistance by advising Petitioner to plead guilty[] despite the trial court lacking jurisdiction"—should be rejected because: (i) "The question of the trial court's subject matter jurisdiction is a matter of state law" (citing *Johnson v. Delbalso*, Civ. A. No. 13-7672, 2015 WL 2118887, at *11 (E.D. Pa. May 5, 2015)); (ii) the Pennsylvania Superior Court determined that the bill of information filed against Petitioner complied with the applicable rule of criminal procedure, and therefore the trial court's subject matter jurisdiction was properly invoked; and (iii) federal courts considering habeas corpus petitions are bound by the state court's interpretation of state law (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). R&R at 9–10.

2. The Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED**.

3. To the extent that Petitioner's Objections purport to request leave to amend or supplement his Petition based on new Supreme Court case law, such request is **DENIED**, as none of the cases cited have any bearing on Petitioner's claims or the legality of his sentence. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "futility of amendment" as proper basis on which to deny leave to amend under Rule 15).

---

Accordingly, since there is no merit to Petitioner's argument that the state court lacked jurisdiction, the Magistrate Court concluded that it was reasonable for the Superior Court to find that Petitioner's trial counsel could not have been ineffective for failing to raise that (meritless) argument. *Id.* (citing *Johnson v. Tennis*, 549 F.3d 296, 301 (3d Cir. 2008)). Petitioner's Objections fail to identify any errors in the Magistrate Court's chain of reasoning. To the extent Petitioner contends that the bill of information filed against him was somehow noncompliant with federal constitutional standards, he has failed to offer any explanation as to what about the bill of information rendered it unconstitutional. The bulk of Petitioner's filing takes issue with the constitutionality of the habeas corpus statute itself, but Petitioner's far-reaching arguments are inconsistent with well-established law and are entirely unpersuasive.

The Magistrate Court found Petitioner's second claim—that Pennsylvania's murder statute is void for vagueness—to be procedurally defaulted because Petitioner did not raise that argument before the Pennsylvania Superior Court, and his time to raise claims under Pennsylvania's Post Conviction Relief Act is now expired (citing 42 Pa.C.S.A. § 9545(b)(1)). R&R at 5. Petitioner does not object to that conclusion; rather, he appears to argue that the procedural default should be excused pursuant to the carve-out set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012). That decision held that "counsel's failure to raise an ineffective assistance claim on collateral review may excuse a procedural default if: (1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is a substantial one." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 237–38 (3d Cir. 2017) (internal quotation marks omitted). To satisfy the second *Martinez* requirement, a petitioner must demonstrate that the underlying ineffective assistance claim "has some merit." *Martinez*, 566 U.S. at 14. Petitioner's underlying claim, premised on the purported "vagueness" of Pennsylvania's murder statute, is frivolous, and therefore falls far short of meeting this requirement. *See, e.g.*, *Ortiz v. Smith*, Civ. A. No. 20-649, 2020 WL 8083842, at *5 (E.D. Pa. Nov. 30, 2020), *report and recommendation adopted*, 2021 WL 75804 (E.D. Pa. Jan. 8, 2021) (finding the petitioner's void-for-vagueness argument regarding Pennsylvania's murder statute to be frivolous); *Shields v. Smith*, Civ. A. No. 18-750, 2020 WL 6929097, at *26 (E.D. Pa. Oct. 5, 2020), *report and recommendation adopted*, 2020 WL 6888466 (E.D. Pa. Nov. 24, 2020) (rejecting the petitioner's void-for-vagueness challenge to Pennsylvania's murder statute and stating "[t]here is nothing vague about a proscription on murder"); *cf. Commonwealth v. Ludwig*, 874 A.2d 623, 631 (Pa. 2005) (rejecting vagueness challenge to criminal statute due to statute's express use of the "clear and unambiguous words of 'murder in the third degree'"). Petitioner's trial counsel could not have been ineffective for failing to raise this meritless argument, and the procedural default of this claim therefore cannot be excused pursuant to *Martinez*. Petitioner has failed to present any serious challenge to the Magistrate Court's conclusions—which are clearly correct and will accordingly be adopted by this Court.

4. A certificate of appealability **SHALL NOT** issue, as Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.